IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TODD BRADFORD, | : | |
| Plaintiff | : | |
| VS. | : | |
| COBB COUNTY SHERIFF'S DEPT, Deputy SADYE PITTMAN, Deputy MARK SPANO, and CHRISTOPHER K. MADDOX, | : | NO. 5:07-CV-89 (CAR) |
| Defendants | : | **ORDER OF TRANSFER** |

     Plaintiff **TODD BRADFORD**, an inmate at the Turner Pre-Release Center in Sycamore, Georgia, brings this *pro se* civil rights action under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

     Plaintiff sues the Cobb County Sheriff's Department, two of its deputies, and a fellow inmate at the Cobb County Detention Center, where plaintiff was previously confined. In his complaint, plaintiff alleges that on April 11, 2006, he "had some words" with inmate Christopher K. Maddox. Thereafter, Maddox opened the food trap in plaintiff's cell door and delivered plaintiff's lunch. As plaintiff reached in with his hand to retrieve the meal, Maddox intentionally kicked the food trap causing the trap to cut through to the bone of plaintiff's right index finger. Plaintiff complains that he was taken to the emergency room, but that Cobb County jail officials refused to provide the proper follow-up care, including permitting plaintiff to see an orthopedic surgeon. According to his complaint, plaintiff can no longer use his index finger.

The Middle District of Georgia does not appear to be the appropriate court in which to file the instant action. The venue provisions of 28 U.S.C. § 1391(b) state that a civil action should be brought in a "district where any defendant resides" or in a "district in which a substantial part of the events or omissions giving rise to the claim occurred...." All of the events alleged in the complaint occurred in Cobb County, Georgia, which is located in the **NORTHERN** District of Georgia. 28 U.S.C. § 90(a)(2).

Pursuant to 28 U.S.C. § 1404(a), a district court may, in the interests of justice, transfer a civil action filed in the wrong district. Because it appears that this action should have been filed in the Northern District of Georgia, transfer to that district is appropriate. Accordingly, the Court **DIRECTS** the Clerk of the Court to **TRANSFER** this action to the United States District Court for the Northern District of Georgia along with any pending motions.

**SO ORDERED**, this 13th day of MARCH, 2007.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE